Hammond v. Cook.

———————————

HOMER H. HAMMOND v. CHARLES R. COOK.

*Declaration. Motion in arrest.*

Where the plaintiff set forth in his declaration that a suit was pending before a justice of the peace, in favor of a third person, against him, and that defendant was bail for prosecution in that suit, and that he promised him, before the court day, that if he would make no expense or preparation for a trial, and would not attend the court, he would procure said third person to discontinue his said action and not prosecute it further, the declaration then proceeding to make the necessary averments, and assigned the breach ; on motion in arrest, *it was held,* that the declaration alleged a sufficient consideration.

SPECIAL ASSUMPSIT. The plaintiff set forth in his declaration, that there was pending against him an action in favor of one Robert K. Cook, of Morristown, in the county of Lamoille, returnable before John Miles, a justice of the peace, at said Morristown, on the fourth Monday of March, 1849, in which action the said Charles R. Cook recognized in due form of law to insure costs to the plaintiff, who was defendant in said suit; and that the plaintiff was about to summon his witnesses and make other arrangements for the defence of said action ; and that on the 22d day of March, 1849, at said Reading, the said Charles R. Cook, in consideration

that the plaintiff would cease making any preparation for said defence of said action, and would not make any further preparation, and would not take any measures to defend said action, and would not go to said Morristown to defend said action, &c., he, the said Charles R. Cook, would cause and procure said action, in favor of said Robert K. Cook, to be discharged, &c.; that plaintiff, confiding in the promise and undertaking of the defendant, did cease making further preparations, and did not go to said Morristown, &c. The declaration proceeds to assign the breach, and set forth that said action was prosecuted to final judgment, and that plaintiff's property was taken and sold on execution, &c.

Plea, general issue, and trial by jury. The jury returned a verdict for plaintiff. After verdict, and before judgment, the defendant moved that judgment be arrested, for matters apparent upon the face of said declaration.

The County Court, May Term, 1852,—COLLAMER, J., presiding,—overruled the motion.

Exceptions by defendant.

*H. E. Stoughton* and *J. G. Hawkins* for defendant.·

Our motion in arrest is founded upon this, that there is no sufficient consideration alleged in the declaration, upon which to sustion the action. It is alleged in the declaration, that the plaintiff found a suit pending against him in favor of some third person.— That he was intending to defend said suit. That the defendant told him, if he would neglect to make any defence to said suit, that he would obtain a full discharge of the same.

Suppose the plaintiff had been owing a debt, and was about to raise money to pay the same, and the defendant had promised him, if he would cease to try to raise the money, he, the defendant, would pay the debt, and had neglected to do so, and the plaintiff had been sued thereon.

It is simply an attempt to establish the doctrine, by this suit, that if one neighbor promises another, that in consideration of his neglecting to attend to his *own* business, he will see that he *loses* nothing by his neglect, an action can be sustained upon the promise.

*S. Fullam,* and *Tracy, Converse & Barrett* for plaintiff.

We can hardly anticipate any objection to the declaration. It

clearly sets forth a contract and agreement between the parties; a breach of that contract on the part of the defendant; an injury to the plaintiff, clearly resulting from such breach of contract. Why not then recover damages for such injury?

That there is a sufficient consideration set forth for such agreement, can hardly be denied.

Is the contract forbidden by any law? Is it against public policy, or is it in any manner *contra bonus mores?*

No objection of this kind can be urged, as we insist.

The opinion of the court was delivered by

BENNETT, J. This case comes up on a motion in arrest of judgment. It is said the declaration is insufficient, for the want of consideration for the promise. We think not. It states that the suit was pending before a justice of the peace, in favor of Robert K. Cook, against the present plaintiff; that the present defendant was bail for prosecution, and that he promised the plaintiff in this suit, before the court day, that if he would make no expense or preparation for trial, and would not attend the court, he would procure the said Robert K. Cook to discharge his said action, and not further prosecute it. The declaration then proceeds to make the necessary averments, and assigns the breach.

Here was a damage to the *promissee,* and that is consideration enough, although there may have been no benefit to the promissor; but in this case, the present defendant had a collateral interest in that suit, which was to be discontinued, as bail for costs of prosecution.

When the defendant undertook that Robert K. Cook should discontinue his suit, he was bound to see it done, or answer the consequences.

Judgment of the County Court is affirmed.